**YONGGANG ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70684.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 8, 2011.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yonggang Zhang, El Monte, CA, pro se.

Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM **

Yonggang Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo its legal conclusions. *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008). We deny in part and grant in part the petition for review, and we remand.

■ Substantial evidence supports the agency's denial of CAT relief because Zhang failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if he returned to China. *See Santos–Lemus,* 542 F.3d at 747–48.

■ Zhang testified the police arrested, beat, and interrogated him after he planned a protest to expose the corruption of his boss. In assessing whether Zhang suffered harm on account of his political opinion, the agency focused exclusively on Zhang's boss' motivation without adequately assessing the police's actions and/or mo-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tivations in evaluating his claim. Accordingly, we grant the petition for review with respect to Zhang's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.